IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THURMAN HARVEY HINES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-15-901-R |
| ROBERT PATTON, et.al., | ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, appearing *pro se* and *in forma pauperis,* brings this civil rights action pursuant to 42 U.S.C. § 1983 generally alleging violations of his constitutional rights. United States District Judge David L. Russell referred this matter to the undersigned magistrate judge for preliminary proceedings pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Because Plaintiff has failed to state a claim upon which relief may be granted, this action should be summarily **DISMISSED.**

### I. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint names fourteen defendants sued in both their individual and official capacities. Defendant Robert Patton is the Director of the Oklahoma Department of Corrections, and Defendant Mark Knutson is the Director's Designee for purposes of reviewing appeals from adverse inmate misconduct proceedings. (ECF No. 1:1-3). The rest of the defendants are identified as wardens, deputy wardens, case managers, unit managers and correctional officers at either the Lexington Correctional Center or the Oklahoma State Reformatory. Plaintiff summarizes the nature of the case:

> The nature and/or background of this particular case stems from a Common practice of personal Abuse, personal injury and irreparable injury caused by named defendants and other "ODOC" Oklahoma Department of Corrections Officials and State officials, in violation of their Employee Duties, Statutory Duties and United States Constitutional Duties and in violation of the Plaintiff's and other Offenders in like circumstances United States Constitutional guaranteed protected and secured already stablished Rights. To Due Process and Equal Protection of the law and Retaliation for the exercise of Plaintiff's first Amendment rights to grieve to the government: Insufficient Mental Health Care through a practice of Fraud and conspiracy to commit Fraud and the Deprivation against the Plaintiff's Due process Rights and other Offenders in like circumstances by false Misconduct reports and Hearings and Appeals and grievance system. Through particular, racially motivated bias impartial and prejudice felonious Conduct that has resulted in physical and psychological injuries and monetary injury.

(ECF No. 1:4).

Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1:7-9).

## II.  SCREENING REQUIREMENT

The Court must review each complaint brought by a prisoner (a) with respect to prison conditions; or (b) who is proceeding *in forma pauperis. See* 42 U.S.C. § 1997e(c)(1); 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss a complaint or any portion of a complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Although the Court construes a *pro se* litigant's pleadings liberally, all parties must adhere to applicable procedural rules. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To state a claim upon which relief may be granted, procedural rules require a plaintiff's complaint to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the complaint must also include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citation and footnote omitted). But bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 678 (internal citations and quotations omitted).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.* at 679.

### III. ANALYSIS

#### A. Official Capacity Claims

Plaintiff's official capacity claims for monetary damages brought against all defendants as employees of the Oklahoma Department of Corrections (ODOC) should

3

be dismissed, as each defendant is entitled to Eleventh Amendment sovereign immunity. The official capacity claims for damages against all defendants are actually claims against the State of Oklahoma. The Eleventh Amendment bars federal court jurisdiction over a state official acting in his or her official capacity in a suit for monetary damages. See *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998).

Unless the State unequivocally waives its Eleventh Amendment immunity, a federal court lacks jurisdiction to award monetary damages in a civil rights action. *See Guttman v. Khalsa*, 669 F.3d 1101, 1110 (10th Cir. 2012) ("Although a state may waive the sovereign immunity granted to it under the Eleventh Amendment, we require a showing of unequivocal intent to do so."). Oklahoma has not waived its sovereign immunity against civil rights claims. *See Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (citation omitted) ("Oklahoma has not waived sovereign immunity against § 1983 claims in federal district court."). The Eleventh Amendment bars any claim for monetary relief against Defendants in their official capacities. *See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) ("[I]mplicit in enactment of the Eleventh Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state.").

Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims should be dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654

F.3d 1058, 1069 n. 9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice.").

### B. Individual Capacity Claims

#### 1. Count I

In Count I, Plaintiff alleges Defendant Jennifer Morris retaliated against him for "assisting Offender Bobby Bledsoe with misconduct appeal." (ECF No. 1:4). Plaintiff's claim is premised on what he thinks is his "legal right to assist offenders with legal issues under the First Amendment to the United States Constitution . . ." (ECF No. 1:4).

Plaintiff is incorrect. The Supreme Court has considered this issue and determined the First Amendment does not afford inmates a right to provide legal assistance to other inmates. *Shaw v. Murphy*, 532 U.S. 223, 232 (2001) (holding inmates possess no special First Amendment right to provide legal assistance to fellow inmates.). Because inmates do not have a right protected under the First Amendment to provide legal assistance to other inmates, it follows that Defendant Morris did not violate any constitutional right by filing a misconduct report against Plaintiff, even if that report was based on his helping Inmate Bledsoe. *See Sherratt v. Utah Dep't of Corr.*, 545 F. App'x 744, 748 (10th Cir. 2013) (a prisoner does not have a constitutionally protected right to provide legal representation to other inmates. *See also Smith v. Maschner*, 899 F.2d 940, 948 (10th Cir. 1990) (holding otherwise permissible action taken by prison officials in retaliation for exercise of *constitutional right* is actionable

5

under 42 U.S.C. § 1983) (emphasis added). Count I of Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### 2. Count II

In Count II, Plaintiff alleges defendants conspired to deprive him of a hodgepodge of constitutional rights:

> Conspiracy to Deprive Plaintiff of Right to Present Witness: Documented Evidence/video tapes for alleged rule violation: in violation of their own employee duties; Disciplinary policy and procedure duties: to protect Plaintiff from personal abuse/corporal punishment/personal injury and harassment and to the right to a due process hearing and review: in violation Plaintiff's Due Process and Equal Protection Rights under the Fourteenth USC Amendment: Through retaliation for sending notice of intent to file civil rights complaint and grievances: in violation of Plaintiff's First USC Amendment.

(ECF No. 1:5).

Although the allegations in Count II are far from clear, it is possible that Plaintiff may be trying to challenge the outcome of unspecified prison disciplinary proceedings. If so, his claims are in the nature of habeas claims and should be brought in a habeas action pursuant to 28 U.S.C. § 2241. Such claims are not cognizable in a civil rights action if a favorable outcome would necessarily imply the invalidity of the deprivation of good-time credits and the misconduct conviction has been overturned. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997).

In any event, Plaintiff's bare legal conclusions are not entitled to the assumption of truth as they are unsupported by factual allegations. *Iqbal* at 679. In support of his allegations in Count II, Plaintiff directs the court's attention to "Plaintiff's Sworn Affidavit

and/or Declaration on pages 1-10;" exhibits attached to his Complaint, and a "Brief in Support." The "Sworn Affidavit" appears to be a reference to the Complaint itself. The exhibits attached to the Complaint are various grievance documents, responses, and misconduct forms that are inadequate to support Plaintiff's allegations. It is unclear what document Plaintiff is referencing as a "Brief in Support." It appears that, rather than stating facts to support his allegations, Plaintiff invites the court to comb through the exhibits and fashion a cause of action for him. The court should decline the invitation. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (while pro se litigant's pleadings should be afforded liberal construction, it is not the proper function of the district court to assume the role of advocate for the pro se litigant).

### 3. Counts III, IV and V

Counts III, IV and V, all allege conduct by various specified and unspecified defendants who, according to Plaintiff, are responsible for the negligent and intentional infliction of emotional distress. None of Plaintiff's bare conclusions of law state a cognizable claim.

In Count III, Plaintiff alleges the negligent actions of Defendants Shirley, Prock and Farris caused him emotional distress. Plaintiff's allegations in Count III do not state a claim of deliberate indifference to his health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 303, (1991) (adopting deliberate indifference as standard for subjective component of Eighth Amendment claims based on conditions of confinement).

In Count IV, Plaintiff claims, generally, that actions of "several of the named Oklahoma Department of Corrections Officials" amounted to intentional infliction of emotional distress. But again, Plaintiff has provided the court with bare legal conclusions unsupported by facts. Moreover, "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has alleged no physical injury resulting from his alleged emotional distress. *See also Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999) (quotation omitted).

The same is true of Count V, wherein Plaintiff alleges "outrageous governmental misconduct that created crimes . . . caused Plaintiff to suffer intentional and negligent infliction of emotion distress." (ECF No. 1:6). With no facts to support findings of deliberate intention or physical injury, Plaintiff has failed to state a claim upon which relief may be granted.

### 4. Count VI

Count VI of Plaintiff's Complaint is vague:

> Oklahoma Department of Corrections common practice of violating offender(s) U.S. Constitutional clearly already established guaranteed protected secured rights to due process and equal protection of the law: for allege rule violations and grievance procedure: under the First and Fourteenth USC Amendments which has contributed to at least 2 two percent of "DOC's" overcrowding.

(ECF No. 1:7). If Plaintiff is challenging the conditions of his confinement because of overcrowding, he has failed to allege any supporting facts to indicate he, personally,

has been injured by the overcrowding. If he is challenging the operation of the prison grievance system, he has not stated a claim upon which relief may be granted. "[T]here is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 Fed. App'x. 331, 332 (10th Cir. 2011) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)); *see also Butler v. Brown*, 58 Fed. App'x. 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy*, 30 Fed. App'x. 568, 569–70 (6th Cir. 2002) ("[T]here is no inherent constitutional right to an effective prison grievance procedure."). "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Boyd*, 443 Fed. App'x. at 332 (citing *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)). Because Plaintiff has failed to state a claim upon which relief may be granted, it is recommended that his Complaint be dismissed on filing without prejudice.

## RECOMMENDATION

It is recommended that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. It is further recommended that this action be counted as a "prior occasion" or strike pursuant to 28 U.S.C. § 1915(g).

Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **October 30, 2015.** Plaintiff is further advised

that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on October 13, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE