# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| THURMAN HARVEY HINES, | ) |
| :--- | :--- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-15-901-R |
| | ) |
| ROBERT PATTON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin. Doc. No. 10. Also before the Court is Plaintiff's Objection to the Report and Recommendation. Doc. No. 11. The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's objections.

In his first objection, Plaintiff maintains that the individual Defendants herein who are sued in their official capacities are persons for purposes of § 1983 to the extent Plaintiff is seeking declaratory or injunctive relief. Plaintiff is correct that the individuals in their official capacities are "person" for purposes of § 1983 to the extent that Plaintiff is seeking prospective injunctive relief. *See McLaughlin v. Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 n.2 (10th Cir. 2000). The Magistrate Judge said that Plaintiff's claims against individual Defendants in their official capacities for monetary relief were barred by the Eleventh Amendment. He never stated that official capacity claims for prospective equitable relief were barred by the Eleventh Amendment.

Plaintiff next objects to the Magistrate Judge's proposed disposition of his First Amendment retaliation claim even though he concedes that he had no First Amendment right to render legal assistance to the inmates. He claims he had a First Amendment right to be free of retaliation for

assisting other inmates. Plaintiff is wrong because a necessary predicate for a First Amendment retaliation claim is that the plaintiff's speech is protected by the First Amendment and it was not. *See Crawford-El v. Britton*, 523 U.S. 574, 592, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)(First Amendment bars retaliation for protected speech).

Plaintiff next attempts to cure his pleading deficiencies by citing to evidence attached to Plaintiff's Objection to the Report and Recommendation. Such evidence was properly not considered by the Magistrate Judge in screening Plaintiff's Complaint and therefore, is not properly considered by the Court as part of an Objection to the Magistrate's Report and Recommendation. *See e.g., Gonzales v. Quest Communications Corp.*, 160 Fed. Appx. 688, *1-2 (Dec. 13, 2005).

The Court agrees with the Magistrate Judge that Plaintiff has failed to state claims based on his bare legal conclusions and that he has failed to allege sufficient supporting facts to state plausible claims for relief. Plaintiff is GRANTED leave to file an amended complaint to cure his pleading deficiencies within twenty (20) days of the date of this Order.

In accordance with the foregoing, the Report and Recommendation is ADOPTED in part and REJECTED in part. Plaintiff's claims are dismissed without prejudice but this dismissal shall not count as a strike because Plaintiff is GRANTED leave to amend his Complaint to allege claims that satisfy F.R.Civ.P. 8(a) and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct 1955, 167 L.Ed.2d 929 (2007).

IT IS SO ORDERED this 15th day of January, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE