# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| THURMAN HARVEY HINES, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CIV-15-901-R |
| ROBERT PATTON, et al., | ) |  |
| Defendants. | ) |  |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights. The matter has been referred to the undersigned magistrate judge for initial proceedings consistent with the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(A) and (B). Currently before the Court is Plaintiff's Motion for Injunctive Relief, for Temporary Restraining Order and/or Order to Show Cause for Preliminary Hearing **(ECF No. 72)** to which Defendants have responded (ECF No. 77). For the following reasons, it is recommended that the motion be **DENIED**.

## I.  BACKGROUND

When Plaintiff filed this motion on August 31, 2016, he was incarcerated at North Fork Correctional Center (NFCC). His latest filings, however, indicate he is now incarcerated at Lexington Correctional Center (LCC). *See* ECF No. 83-6 (Envelope). Plaintiff's pending motion does not relate to conditions of his confinement at either

NCCC or LCC. Rather, his motion seems to involve an Offense Report dated June 2, 2016, lodged against him by Defendant Jennifer Morris who accused Plaintiff of entering her control room against her order and threatening her life. *See* Offense Report (ECF No. 72-3). Defendant Morris is identified in Plaintiff's Amended Complaint, (ECF No. 18:2) as a Correctional Officer at the Oklahoma State Reformatory (OSR) where Plaintiff was previously incarcerated. According to Plaintiff, Defendant Morris and Greg Kinnison agreed to falsify the Offense Report and "lock the Plaintiff up under pending an [sic] investigation" and "Transit Detention to be shipped." (ECF No. 72:2).

On June 10, 2016, while he was still incarcerated at OSR, Plaintiff was found guilty of the offense and sanctioned to restrictions on seeing visitors, using the telephone and accessing the canteen for sixty days. (ECF No. 72-6).

Plaintiff complained in this motion that he was being housed in the disciplinary segregation unit at NFCC away from the general population and being restricted from access to the law library in violation of his Due Process Rights. (ECF No. 72:2).

The injunctive relief Plaintiff seeks is extraordinary. First, Plaintiff seeks an order requiring correctional officials at NFCC to change his living assignment from the disciplinary segregation unit at NFCC "to the cell and unit with Offender Darrell Wiggins." (ECF No. 72:3).[1] Additionally, Plaintiff seeks an order removing Defendant Paula Bethea from her position as Law Library Supervisor at OSR; suspending Defendant Morris for fifteen days without pay; requiring law libraries to provide ink

---

[1] Because Plaintiff is no longer incarcerated at NFCC, this claim is moot, in addition to being meritless.

pens for purchase in prison libraries; discharging each defendant named in his Amended Complaint; and granting him all relief he sought in his Amended Complaint. *Id.*

## II. ANALYSIS

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1226 (10th Cir. 2007).

Plaintiff cannot demonstrate a substantial likelihood of success on the merits. The disciplinary action taken against him resulted only in brief restrictions to his privileges to use the telephone, to receive visitors and to buy items from the canteen. None of the sixty-day restrictions violated a constitutional right. *See Arney v. Simmons*, 26 F.Supp.2d 1288, 1293 (D. Kan. 1998) (inmate has no right to unlimited telephone use) (collecting cases); *Overton v. Bazzetta*, 539 U.S. 126, 131 (2003) (prisoners do not retain rights inconsistent with proper incarceration, and freedom of association is among the rights least compatible with incarceration); *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("there is no constitutional right to purchase food from the canteen.").

Moreover, a prisoner has no right to be housed in a particular facility, much less in a specific cell with a specific cellmate. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose).

Plaintiff will not be subjected to irreparable harm if injunctive relief is not granted. In fact, the harm to the defendants, should injunctive relief be granted, would far outweigh Plaintiff's temporary restriction on privileges.

Finally, in this case, the fourth factor alone is sufficient to deny Plaintiff the requested relief. Plaintiff has failed to demonstrate the injunctive relief he seeks is not adverse to the public interest. Because "it is not the role of the federal judiciary to scrutinize and interfere with the daily operations of a state prison," federal courts accord prison authorities deference as they undertake that complex job. *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

*Turner v. Safley*, 482 U.S. 78, 84–85 (1987). The desired injunctive relief would obviously interfere with prison administration. The reduction in work force, alone, would result in disruption, at the least, and danger to the public at worst. Under these

4

circumstances, the public interest weighs against the issuance of a preliminary injunction.

## RECOMMENDATION

It is recommended that Plaintiff's Motion for Injunctive Relief for Temporary Restraining Order and/or Order to Show Cause for Preliminary Hearing **(ECF No. 72)**, be **DENIED.** Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 28, 2016**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **DOES NOT dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on November 8, 2016.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE