IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

THURMAN HARVEY HINES,         )
                              )
        Plaintiff,            )
                              )
v.                            )   Case No. CIV-15-901-R
                              )
JOE ALLBAUGH, et al.,         )
                              )
        Defendants.           )

# ORDER

Plaintiff Thurman Harvey Hines, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on August 20, 2015, alleging violations of his constitutional rights. *See* Doc. 1. Of the numerous claims originally asserted by Plaintiff, only three remain:

- a First Amendment retaliation claim against Defendants Heather Hill and Mitzi Estraca in their individual capacities based on their alleged failure to provide Plaintiff with hygiene supplies;

- a First Amendment retaliation claim against Defendants Hill and Estraca in their individual capacities based on their alleged reclassification of Plaintiff's custody level; and

- state law claims for intentional and negligent infliction of emotional distress against Defendant Jennifer Morris in her individual capacity.

*See* Docs. 113, 160. Pursuant to 28 U.S.C. § 636(b)(1), the Court referred this matter to United States Magistrate Judge Shon T. Erwin. On April 30, 2018, Defendants Hill, Estraca, and Morris filed a Motion for Summary Judgment (Doc. 168), to which Plaintiff responded (Doc. 170) and Defendants replied (Doc. 171). On October 25, 2018, Plaintiff

filed an Amended Motion for Summary Judgment (Doc. 188), to which Defendants responded (Doc. 195). On January 24, 2019, Judge Erwin issued his Report and Recommendation (Doc. 197), wherein he recommended that summary judgment be granted to Defendants on Plaintiff's First Amendment claims, and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Judge Erwin also recommended that Plaintiff's Amended Motion for Summary Judgment be denied as moot. Plaintiff timely objected to the Report and Recommendation, *see* Doc. 198, giving rise to the Court's obligation to undertake a *de novo* review of those portions of the Report to which Plaintiff makes specific objection. *See* Fed. R. Civ. P. 72(b)(3). Having conducted this *de novo* review, the Court ADOPTS Judge Erwin's Report and Recommendation, GRANTS summary judgment to Defendants on Plaintiff's First Amendment claims, DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims, and DENIES as moot Plaintiff's summary judgment motion.

Judge Erwin recommends the Court grant summary judgment to Defendants based on Plaintiff's failure to exhaust administrative remedies before filing this action. *See* Doc. 197, at 17–18. The Prison Litigation Reform Act ("PLRA") mandates that an inmate cannot bring an action "with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). As failure to exhaust under the PLRA is an affirmative defense, "Defendants . . . bear the burden of asserting and proving that . . . [P]laintiff did not utilize administrative remedies." *Tuckel v.*

*Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011). But "[o]nce a defendant proves that a plaintiff failed to exhaust . . ., the onus falls on the plaintiff to show that remedies were unavailable to him . . . ." *Id*. To "properly exhaust administrative remedies[,] prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Thus, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The Oklahoma Department of Corrections grievance process dictates the steps Plaintiff must have taken to exhaust his Section 1983 claims. *See* Doc. 78-7 (Oklahoma Department of Corrections offender grievance process). First, the offender, before submitting a Request to Staff, "must try to resolve the complaint by talking with the affected staff, supervising employee or other appropriate staff within three days of the incident." *Id*. at 7. If this attempt at informal resolution fails, the offender must submit a Request to Staff "detailing the issue/incident completely but briefly." *Id*. The Request to Staff "must be submitted within seven calendar days of the incident, and only one issue or incident is allowed per form." *Id*. at 8. The staff member assigned to a particular Request to Staff "will respond in writing within ten working days of receipt . . . ." *Id*. If the Request to Staff has not been responded to within thirty days of submission, or if the matter addressed in the Request remains unresolved, the inmate "may file a grievance to the reviewing authority with a copy of the Request to Staff attached to the grievance form." *Id*.

at 8–9. The grievance shall raise only one issue or incident. *Id*. at 9. The reviewing authority will respond to a grievance within fifteen working days of receipt. *Id*. at 10. The offender may appeal this response to the Administrative Review Authority within fifteen days of the reviewing authority's decision. *See id*. at 12–15.[1] The Administrative Review Authority's ruling is final and constitutes exhaustion of an offender's administrative remedies.

Offenders may also submit emergency or sensitive grievances, which have a shortened administrative process.[2] Emergency grievances "may be submitted directly to the reviewing authority" without attempts at informal resolution or requests to staff. *Id*. at 15. Upon receipt of the grievance, the reviewing authority must determine within twenty-four hours whether "it is in fact an emergency or sensitive grievance." *Id*. at 16. If the reviewing authority determines that the grievance is in fact not of an emergency or sensitive nature, "the offender will be provided written notification" of this determination, and "the standard grievance process must be followed." *Id*. at 17.

Applying this grievance process to Plaintiff's actions, Judge Erwin found that Plaintiff had not exhausted his First Amendment retaliation claims. As to Plaintiff's First Amendment claim premised on alleged failure to supply hygiene products, Judge Erwin noted that Plaintiff raised this issue twice, first in grievance 15-64, dated July 7, 2015, and

---

[1] If the reviewing authority has not answered the grievance within thirty days of its submission, the offender may submit a grievance directly to the Administrative Review Authority, raising only the reviewing authority's failure to respond. *See* Doc. 78-7, at 11.

[2] An emergency grievance "alleges irreparable harm or personal injury [that] will occur and which the grievance process will be unable to address in a timely preventive manner." Doc. 78-7, at 15. A sensitive grievance "alleges misconduct by a staff member who either directly supervises the offender or is the reviewing authority where the offender is assigned." *Id*.

then in a Request to Staff dated August 24, 2015. *See* Doc. 197, at 9–10; *see also* Docs. 78-19, 78-32. The warden returned Grievance 15-64 unanswered on July 8, 2015, for two reasons: (1) "No informal action, 'Request to Staff' response" and (2) "Other: More than one issue i.e. unanswered Request to Staff, hygiene supplies." Doc. 78-19, at 3.[3] The notification informed Plaintiff that he would be afforded another attempt to properly submit his grievance within ten days. *Id.* There is no indication in the record that Plaintiff utilized this opportunity or took any other steps.

As noted, on August 24, 2015, Plaintiff initiated an attempt at informal resolution by filing a Request to Staff, noting therein his previously filed grievance 15-64. Plaintiff stated that he had requested an indigent care package but was informed that he would not receive one until August 14, 2015. Doc. 78-32, at 2. He asserted that despite being told he would receive hygiene products on that date, none had been provided, and he was still without the items needed. On August 25, 2015, the request was answered by informing Plaintiff that his request for hygiene products was being processed and that he would receive such products that week. He was told that if he ran out between packages he should see his case manager, and that this procedure had been explained to him. *Id*. Plaintiff took no subsequent action on the Request to Staff.

---

[3] Grievance 15-64 did not directly challenge a decision denying Plaintiff hygiene items; rather, it described the nature of Plaintiff's complaint: "[o]n or about 062315 the offender sent a request to staff about the problems I'm having with hygiene items to my case manager." Doc. 78-19, at 2. Plaintiff complained that the request to staff had not yet been returned and asked the reviewing authority to ensure that he had hygiene supplies and that his rights were not violated. *Id.* Pursuant to OP-090124 (IV)(C)(10), "[i]f there has been no response in 30 calendar days of submission, the offender may file a grievance to the reviewing authority with a copy of the 'Request to Staff' attached to the grievance form. The grievance may assert only the issue of the lack of response to the 'Request to Staff.'" It appears that Plaintiff was complaining about a lack of response, although he did not wait the necessary thirty days.

As to the First Amendment claim premised on alleged custody level reclassification, Judge Erwin noted that Plaintiff raised this issue in two grievances, 15-78 and 15-79, both filed on July 24, 2015 and identified by Mr. Hines as "Emergency or Sensitive." *See* Doc. 197, at 10–11; *see also* Doc. 78-25.[4] The warden returned both grievances unanswered on July 31, 2015, for "[c]ontinued procedural defects." Doc. 78-25, at 4. Additionally, Plaintiff was placed on a twelve-month grievance restriction for "continued abuse of the grievance process." *Id.*[5] Reviewing the record, Judge Erwin concluded that Plaintiff had failed to follow the grievance process in seeking relief on these issues and, therefore, had not properly exhausted his First Amendment retaliatory reclassification claims. Doc. 197, at 9–11.

Plaintiff's primary objection to Judge Erwin's Report is that he was thwarted from properly exhausting his administrative remedies through prison officials' improper screening of his grievances. *See* Doc. 198, at 6–7. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010); *see also Ross v. Blake*, 136 S. Ct. 1850, 1860

---

[4] Plaintiff concedes that his reclassification claims are premised on these particular grievances. *See* Doc. 198, at 2 (Both issues concerning Hill and Estraca . . . were raised in two grievances properly submitted and labeled as Emergency or Sensitive . . . on July 24, 2015.")

[5] The restrictions were premised on a July 24, 2015, letter from the Warden wherein Plaintiff was warned about improperly submitted grievances and continued procedural defects despite prior warnings. He was issued a Grievance Restriction Warning in light of the four grievances returned to him on July 8, 2015, and his submission of two new grievances with defects. The warden noted that Plaintiff had not attempted informal action; had requested disciplinary action against staff, which is not subject to the grievance process; had addressed issues already in litigation; and had raised issues that were not of a sensitive or emergency nature. Doc. 78-23, at 4.

(2016) (administrative remedies may be rendered unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."). But Plaintiff's thwarting arguments are unsupported by the record. Indeed, beyond mere conjecture and simple disagreement with the decisions of prison officials, Plaintiff offers no evidence that his grievances were improperly screened or rejected, or that he could not avail himself of the administrative grievance process at any juncture.

Instead of offering evidence of thwarting, Plaintiff discusses in detail *Sapp v. Kimbrell*, a Ninth Circuit decision dealing with the thwarting exception to the PLRA's exhaustion requirement. *See* Doc. 198, at 3–5. *Sapp* summarizes the thwarting exception as follows:

> Having recognized an exception to the PLRA's exhaustion requirement where a prison official renders administrative remedies effectively unavailable by improperly screening a prisoner's grievances, we must next determine whether Sapp falls within this exception. To fall within this exception, a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted by improper screening. In particular, the inmate must establish (1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations.

*Sapp v. Kimbrell*, 623 F.3d 813, 823–24 (9th Cir. 2010). But applying *Sapp*'s iteration of the thwarting exception to Plaintiff's circumstances does not aid his cause. In particular, Plaintiff has made no showing of screening inconsistent with or unsupported by the Oklahoma Department of Corrections regulations or grievance process protocols. At bottom, Plaintiff disagrees with the reasons for prison officials' rejection of his grievances.

But an inmate "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks and citation omitted). Nor does "presenting a defective or non-complying grievance . . . constitute exhaustion of remedies." *Brewer v. Mullin*, 130 F. App'x 264, 265 (10th Cir. 2005). Plaintiff had additional steps he could take when the grievances cited above were rejected, yet he failed to do so by properly refiling the grievance, resubmitting grievances through the standard procedure when his classification of the grievance as "emergency or sensitive" was rejected by prison administrators, or following the procedures applicable to persons on grievance restriction. Plaintiff's failure to follow available procedures does not support the conclusion that prison officials impeded or otherwise thwarted his attempts to fully exhaust his administrative remedies. *See Craft v. Null*, 543 F. App'x 778, 780 (10th Cir. 2013). ("Even if [the inmate] is correct in characterizing his grievance as an emergency, he still would have had options open to him under the administrative process. Thus, even if the grievance had been improperly returned, that does not mean he could simply ignore authorities' determination that the grievance did not constitute an emergency and opt out of the grievance procedure." (internal quotation marks, citation, and brackets omitted)).[6]

---

[6] Plaintiff also requests the Court find that the Administrative Review Authority erred in determining that several of Plaintiff' "emergency" grievances were not of an emergency or sensitive nature. Doc. 198, at 3. But such determinations are properly made by prison officials, not the Court. *See Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) ("[T]he prison's procedural requirements define the steps necessary for exhaustion . . . ."); *see also Hines v. Allbaugh*, No. CIV-17-642-R, 2017 WL 7510878, at *2 (W.D. Okla. Nov. 21, 2017), *report & recommendation adopted*, 2018 WL 774766 (W.D. Okla. Feb. 7, 2018) ("Moreover, determining whether a grievance is sensitive or of an emergency nature is a decision best left to prison officials." (citing *Turner v. Safley*, 482 U.S. 78, 84 (1987)).

Plaintiff's additional objections also are unpersuasive. While Plaintiff objects to Judge Erwin's conclusions regarding the hygiene products grievances only on thwarting grounds, he argues that he did, in fact, exhaust the reclassification grievances, along with the twelve-month grievance restriction, on March 17, 2016. *See* Doc. 198, at 6–7. But the record shows no such appeal on this date. Rather, on March 17, 2016, Plaintiff filed three grievances labeled "emergency and sensitive" directly to the Administrative Review Authority. *See* Docs. 78-60, 78-61, 78-62. The Administrative Review Authority rejected all three grievances for the same reason: they were "[n]ot of a sensitive/emergency nature," so Plaintiff was required to "follow the standard grievance process including giving the facility an opportunity to respond." *See* Doc. 78-60, at 4; Doc. 78-61, at 4; Doc. 78-62, at 4. Plaintiff, however, did not follow the standard process after these emergency grievances were returned. Such inaction indicates neither unavailability of administrative remedies nor exhaustion of remedies *vis-à-vis* particular complaints. Thus, these later grievances do not show that Plaintiff eventually exhausted his administrative remedies as to his First Amendment retaliation claims regarding reclassification.[7] As the record does not show exhaustion of Plaintiff's First Amendment claims, and Plaintiff's thwarting theory is unavailing, the Court concurs with Judge Erwin's conclusions and grants summary judgment to Defendants on these federal claims.

---

[7] Even if these March 2016 emergency grievances constituted appeals from the June 24, 2015, grievances, they would likely have been time-barred under the grievance process, which requires that appeals be submitted to the Administrative Review Authority within fifteen days of the reviewing authority's decision. *Se* Doc. 78-7, at 13.

The only claims remaining after granting summary judgment to Defendants on Plaintiff's 42 U.S.C. § 1983 claims are state-law claims for intentional and negligent infliction of emotional distress against Defendant Morris. This court "may decline to exercise supplemental jurisdiction" over a state-law claim when it "has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The court's "decision whether to exercise that jurisdiction . . . is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks and citation omitted); *see also Cantwell v. De La Garza*, No. CIV-18-272-D, 2019 WL 2166541, at *4 (W.D. Okla. May 17, 2019) ("Tenth Circuit law is clear that if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction . . . ." (internal quotation marks and citations omitted)). Accordingly, having granted summary judgment on Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses them without prejudice.

Accordingly, for the reasons stated above, the Court ADOPTS Judge Erwin's Report and Recommendation, GRANTS summary judgment to Defendants on Plaintiff's First Amendment claims, and DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims. In light of the Court's disposition of Defendant's motion, the Court additionally DENIES as moot Plaintiff's Amended Motion for Summary Judgment.

IT IS SO ORDERED this 5th day of September, 2019.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE